haps there was some change in the value of the property in the mean-time which might have influenced the court to decline to decree specific performance. Yet there is no proof whatever on the subject, and we cannot take judicial cognizance of the condition of the real estate market, as it changes from time to time.

I recommend, therefore, that the judgment be affirmed, with costs. All concur.

---

## LEVIN v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department. May 6, 1910.)

DAMAGES (§ 131*)—PERSONAL INJURIES—EXCESSIVE DAMAGES.

Where one, suing for personal injuries, showed that he sustained a severe strain of the spine, contusions over the spine and on the back of the head, and concussion of the brain, causing great pain, which had not fully abated at the time of the trial, seven months later, and that for five weeks he was laid up and unable to work, and that a physician treated him for five weeks, and that the services of the physician were worth $50, a verdict for $300 should not be set aside as excessive, unless the jury acted from improper motives, or from a mistaken view of the facts, or in disregard of the law of the case.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 357; Dec. Dig. § 131.*]

Burr, J., dissenting.

Appeal from Municipal Court, Borough of Brooklyn, Seventh District.

Action by Harry Levin against the Nassau Electric Railroad Company. From an order of the Municipal Court of the City of New York, setting aside a verdict for plaintiff as excessive, he appeals. Reversed, and verdict reinstated.

See 121 N. Y. Supp. 1138.

Argued before HIRSCHBERG, P. J., and BURR, THOMAS, RICH, and CARR, JJ.

Bernard Gordon, for appellant.
J. W. Carpenter, for respondent.

RICH, J. The plaintiff brought this action in the Municipal Court to recover damages alleged to have been sustained by him through the negligence of defendant's servants in the operation of one of its trolley cars, which collided with a wagon, owned by him and in which he was riding, at a street crossing. The evidence upon which the contentions of the parties rest was conflicting. The questions of fact were submitted to the jury in a charge free from error, to which only one exception was taken, and that is without merit. The plaintiff had a verdict for $300. On a motion subsequently made by defendant the verdict was set aside upon the sole ground that in the opinion of the court it was excessive.

The only question before us is whether the trial court was justified in his belief that the verdict was excessive. The physician who at-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tended the plaintiff testified that the latter sustained a severe strain of the spine, a contusion over the spine, and one on the back of the head, with swelling and concussion of the brain; that the swelling was as large as his fist; that the top of the spine was bruised and discolored; that there was a cut on one ear, and bruises on the thighs and knees. The bruise on the right hip was six or seven inches long and discolored. The knee was contused, discolored, and swollen. There was a contusion over the ribs. He complained of and suffered great pain. The physician treated him for five weeks, making 15 calls at the house, and the plaintiff called at the office for treatment from 10 to 15 times. The physician testified that his services were worth $50; that when he ceased treating plaintiff the pain in the back and spine had not abated. And the plaintiff testified that at the time of the trial —seven months after the accident—he suffered pain in his back; that for five weeks he was laid up and unable to work; and that for seven weeks he suffered intense pain in his back, head, shoulder, and side. The verdict for $300 is not excessive, and, there being nothing in the record to indicate that the jury acted from improper motives, from a mistaken view of the facts, or disregard of the law of the case, it must be reinstated.

Order reversed, and the verdict of the jury reinstated, with costs. All concur, except BURR, J., who dissents upon the ground that the plaintiff should have been nonsuited.